IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VIOLET CROWN CINEMAS, LLC, § <br>     *Plaintiff*, § <br> § <br> v. § <br> §   CASE NO. 1:21-CV-01142-RP <br> § <br> INTERNATIONAL DEVELOPMENT § <br> MANAGEMENT, LLC, § <br>     *Defendant*. § | |

### DEFENDANT'S MOTION TO DISMISS

Defendant International Development Management, LLC ("IDM") moves to dismiss all claims asserted by Plaintiff Violet Crown Cinemas, LLC ("VCC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### BACKGROUND[1]

**I.   VCC operates movie theaters and has trademarks for the phrase "Violet Crown."**

This is a trademark action brought by VCC. VCC owns and operates movie theaters in various locations throughout the United States, including a theater in Austin, Texas ("VCC Austin"). Compl. [Dkt. 1] ¶¶ 1–2, 12. VCC's theaters exhibit motion pictures and provide "restaurant, in-house catering, and full bar services." *Id.* ¶¶ 1–2, 12, 14. VCC also alleges that its Austin location offers "live musical entertainment" and is "available for event rentals which are not limited to film exhibition." *Id.* ¶ 14.

Relevant here, VCC owns four trademarks: (i) the phrase "VIOLET CROWN" in connection with movie theaters; (ii) the phrase "VIOLET CROWN" in connection with production and distribution of motion pictures; (iii) the phrase "VIOLET CROWN" in connection with bar and restaurant services; and (iv) the phrase "VIOLET CROWN CINEMAS" in

---

[1] This background is drawn from the well-pleaded allegations set forth in VCC's complaint, which must be accepted as true for the purposes of this motion to dismiss. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

1

connection with movie theaters (collectively, "Violet Crown Marks" or "Marks"). *Id.* ¶¶ 3, 15 (citing U.S. Trademark Registration Nos. 5691295, 4979206, 4795304, and 4367376).

VCC alleges that the Violet Crown Marks are "well known in the markets where its theaters are located and consumers associate the Mark[s] with" VCC. *Id.* ¶ 16. VCC also alleges the Marks have been used "for more than a decade in connection with [VCC's] theater, bar, and restaurant services," as well as to sponsor "various community events." *Id.*

Finally, VCC alleges that it has spent "millions of dollars developing and promoting its theaters" under the Violet Crown Marks. *Id.* at ¶ 17. VCC alleges that, as a result of this development and promotion, the Marks "enjoy wide public acceptance and association with [VCC], and has come to be recognized widely and favorably by the public as an indicator of the origin of [VCC's] services." *Id.*; *see also id.* at ¶ 18.

## II.     IDM is developing a real-estate project and amphitheater in Austin, Texas.

IDM is currently developing a real-estate project in Austin, Texas (the "Project"). *See id.* ¶¶ 4, 19. The centerpiece of the Project is the Violet Crown Amphitheater, a 20,000-seat amphitheater that can host live music. *Id.* The Project will also include towers with residential living units and office space, a driving range, pool clubs, a distillery, a dance club, a nightclub, a dance hall, and a full-service restaurant. *See id.* ¶ 20; *see also* Ex. E [Dkt. 1-5] at 9.

IDM has allegedly "generated a substantial amount of press coverage" related to the Project. *Id.* ¶ 5, *see id.* ¶ 20. IDM is also allegedly using a mark "to promote its development" of the Project and "on its website" that includes the phrase "VIOLET CROWN AMPHITHEATER." *Id.* ¶¶ 4, 19.

## III.    VCC alleges that IDM is infringing on VCC's Marks.

In October 2021, VCC allegedly began receiving inquiries about the Project "from individuals who believed Violet Crown was the intended developer." *Id.* ¶ 19, *see id* ¶ 6. VCC responded by sending IDM a cease-and-desist letter in November 2021. *Id.* ¶ 6. VCC then initiated this lawsuit asserting five claims:

    (i)     trademark infringement (15 U.S.C. § 1114);

    (ii)    unfair competition (15 U.S.C. § 1125(a));

    (iii)   trademark dilution (15 U.S.C. § 1125(c));

    (iv)   trademark infringement and unfair competition (Texas common law); and

    (v)    trademark dilution and injury to business reputation (TEX. BUS. & COMM. CODE § 16.103).[2]

*Id.* ¶¶ 24–46.

Additionally, VCC alleges that IDM is "preparing to make use in commerce of the" allegedly infringing VIOLET CROWN AMPHITHEATER mark. *Id.* ¶ 36. VCC also alleges that the Violet Crown Marks are "famous." *Id.* ¶¶ 35–37, 44.

## ARGUMENT

Under Rule 12(b)(6), courts must dismiss claims when the facts pleaded do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *See* FED. R. CIV. P. 12(b)(6). Threadbare recitals of the elements of a cause of action supported by conclusory statements are not sufficient to survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

**I.    VCC's federal and Texas common law claims fail to allege a use in commerce.**

To state a trademark claim, plaintiffs must allege the infringing material is being "use[d] in commerce." *See* 15 U.S.C. § 1114(1)(a)–(b) (trademark infringement); *id.* § 1125(a)(1) (unfair competition claim); *id.* § 1125(c)(1) (trademark dilution claim). This requirement applies regardless of whether the trademark claim is asserted under federal or Texas common law,

---

[2] VCC styles this cause of action as a claim for "State Trademark Dilution and Injury to Business Reputation," but Texas does not recognize a common-law cause of action for trademark dilution. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1075 n.6 (5th Cir. 1997).

because "[t]he issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law." *See Sport Supply Grp. v. Columbia Cas. Co.*, 335 F.3d 453, 461 (5th Cir. 2003) (quoting *All Am. Builders, Inc. v. All Am. Siding of Dall., Inc.,* 991 S.W.2d 484, 488 (Tex.App.—Fort Worth 1999, no pet.); *see also Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010) ("A[n] . . . unfair competition action under Texas common law presents essentially no difference in issues than those under federal trademark infringement actions." (citation omitted))*; see also* TEX. BUS. & COMM. CODE § 16.103(a) (requiring "a commercial use of a mark or trade name" to state a dilution claim).

Here, VCC has not alleged that IDM has used the allegedly infringing marks in commerce. VCC only alleges that IDM has used the "VIOLET CROWN AMPHITHEATER" on its website, and the rest of its allegations concern the use of IDM's mark by the press. Compl. ¶¶ 4–5, 19–23. Promotional use of the mark on IDM's website does not qualify as use of the mark in commerce. VCC must plead that the infringing mark is being used "in commerce upon or in connection with a sale, advertisement, or other commercial purpose." *Bell v. Llano Indep. Sch. Dist.*, 2020 WL 5370591, at *6 (W.D. Tex. Feb. 13, 2020) (Albright, J.) But VCC concedes that IDM is merely "*preparing* to make use in commerce" of the allegedly infringing mark. Compl. ¶ 36. That is not enough. *See Castro & Co. v. Polymath Inc.*, 2019 WL 4246600, at *6 (N.D. Tex. Sept. 6, 2019) (granting dismissal where Plaintiff "failed to allege that [a party] has ever used the mark.").

IDM's Project is in its early stages: there is nothing currently being sold by IDM on its website in connection with the phrase "VIOLET CROWN AMPHITHEATER." Nor does VCC allege that IDM is selling tickets to the amphitheater, units in the residential development, or opportunities to utilize any of the amenities advertised on its website. At most, the Project is currently raising capital, but "[s]oliciting investments, without more, is not sufficient to bring Defendants within the reach of . . . the relevant sections of the Lanham Act." *Int'l Olympic Comm. v. Frayne*, 2016 WL 3569947, at *3 (S.D. Tex. July 1, 2016). As a result, VCC has not

4

(and cannot) allege a use in commerce, and therefore fails to plead a trademark claim under either federal or Texas law.

## II. VCC's dilution claims fail to allege that the Marks are famous.

VCC's federal and Texas dilution claims should also be dismissed because the Violet Crown Marks are not famous.

A party may only sue for trademark dilution if the mark is "famous." 15 U.S.C. § 1125(c)(1) (dilution claims available for "the owner of a famous mark that is distinctive"); TEX. BUS. & COMM. CODE § 16.103(a) (allowing dilution claims for "the owner of a mark that is famous *and* distinctive") (emphasis added). A mark is famous if it is widely recognized "by the general consuming public of the United States," 15 U.S.C. § 1125(c)(2)(a), or "by the public throughout the state or in a geographic area in this state," TEX. BUS. & COMM. CODE § 16.103(a). Factors to consider when determining if a mark is famous include: "the duration, extent, and geographic reach of the advertisement and publicity of the mark"; "the amount, volume, and geographic extent of sales of goods or services offered under the mark"; "the extent of actual recognition of the mark"; and "whether the mark is registered." *See* 15 U.S.C. § 1125(c)(2)(A)(i)-(iv); TEX. BUS. & COMM. CODE § 16.103(b)(1)-(4).

Given this requirement, dilution claims can only be pleaded for those "few truly famous marks," such as Budweiser. *See Bd. of Regents, Univ. of Tex. Sys. ex rel. Univ. of Tex. at Austin v. KST Elec.*, 550 F. Supp. 2d 657, 679 (W.D. Tex. 2008) (Yeakel, J.) (dilutions claims are not available for items that are not "a household name" or "whose fame is at all in doubt" (citations omitted)).

Here, VCC has not alleged facts showing that the Violet Crown Marks are "on par . . . with the likes of Starbucks, McDonald's, Rolex, or Apple." *Shippitsa Ltd. v. Slack*, 2019 WL 3304890, at *11 (N.D. Tex. July 23, 2019). VCC does not even try to define a relevant market— it just makes conclusory statements that the Marks are "well known in the markets where its theaters are located." Compl. ¶ 16. Because VCC has not pleaded (and cannot plead) that the

Marks are famous on the scale of an IBM or Microsoft either (a) nationally; (b) throughout Texas; or (c) in a defined geographical area in Texas, VCC's allegations that the Markets are well known in "the markets where its theaters are located" fall short of what is required to plead dilution under either 15 U.S.C. § 1125(c)(1) or Texas Business and Commercial Code § 16.103(a). *See, e.g.*, *Spirit Monkey, LLC v. Imagestuff.com, Inc.*, 2017 WL 8182724, at *4 (W.D. Tex. July 24, 2017) (Bemporad, M.J.), *report and recommendation adopted,* 2017 WL 8182695 (W.D. Tex. Sept. 14, 2017) (Garcia, C.J.) (dismissing dilution claims where plaintiff "fail[ed] to identify whether its products are widely recognized throughout Texas, or any other geographic location within the state" because its allegations indicated "that its products are well-known in the marketplace, but it did not indicate the geographic scope of the marketplace to which it refers").

VCC also simply alleges that its Marks are "famous." *See id.* ¶¶ 35–37, 44. But such conclusory allegations cannot support a claim for trademark dilution. *See Hillstone Rest. Grp. v. Hillstone Mgmt.*, 2017 WL 495869, at *3 (N.D. Tex. Feb. 7, 2017) (dismissing dilution claims where the "allegations [were] too conclusory to plausibly plead that [the] mark is famous"). VCC's complaint provides nothing more than allegations of "niche fame" in a market with an otherwise undefined scope, which are insufficient to state a dilution claim. *Springboards to Educ., Inc. v. Scholastic Book Fairs, Inc.*, 2018 WL 1806500, at *4 (N.D. Tex. Apr. 17, 2018) (explaining that "niche fame is just as insufficient under Texas law as under federal law").

## CONCLUSION

Because VCC has not (and cannot) allege that IDM has used any word or phrase "in commerce," VCC has failed to state a claim with respect to all of its causes of action. Additionally, because VCC has not put forward any cognizable allegation that the Marks are famous throughout the United States, Texas, or a defined geographical area in Texas, VCC has failed to state trademark dilution claims. For these reasons, IDM respectfully requests that the Court grant its motion under Rule 12(b)(6) and dismiss all claims asserted by VCC.

Respectfully submitted,

**CLEVELAND|KRIST PLLC**

<u>*/s/ Timothy Cleveland*</u>
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
303 Camp Craft Road, Suite 325
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Defendant International Development Management, LLC.*

## CERTIFICATE OF SERVICE

I certify that this filing was served on any counsel of record in the above-captioned cause through the electronic filing system or by email on January 11, 2022.

<u>*/s/* Austin H. Krist</u>
Austin H. Krist